O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NAVARRO ALVAREZ, ) | Case No. CV 15-01662 DDP-KKx |
| ) | |
| Petitioner, ) | **ORDER DENYING PETITION FOR** |
| ) | **WRIT OF MANDAMUS** |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, DRUG ENFORCEMENT ) | |
| AGENCY, MICHELLE LEONHART, ) | |
| DAVID A. ZEKOSKI, AND VICKI L. ) | |
| RASHID, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |

Presently before the court is Jose Navarro Alvarez's Petition for Writ of Mandamus. Having considered the parties' submissions, the court adopts the following Order.

## I. BACKGROUND

Pro se petitioner Jose Navarro Alvarez ("Petitioner") seeks a writ of mandamus ordering the federal government ("Respondents")[1] to return $74,000 in currency that was seized from him during a traffic stop. The seizure occurred on February 22, 2013. (Pet. ¶ 5.) On April 24, 2013, the DEA mailed Alvarez a notice (the "Notice"), informing him of the commencement of administrative forfeiture proceedings under 21 U.S.C. § 881. (Pet. ¶ 7.) Alvarez acknowledges that he received the Notice on April 26. (Pet. ¶ 7.) However, Alvarez claims that the Notice was improper because it was not in Spanish, his native language.[2] (Pet. ¶ 11.)

The Notice provides that a claimant contesting the forfeiture "must file a claim with the Forfeiture Counsel of the DEA by **May 29, 2013**." (Decl. Rashid, Ex. 1.) The notice further states in bold capital letters:

> **A PETITION, CLAIM, OR OTHER CORRESPONDENCE SHALL BE DEEMED FILED WITH THE FORFEITURE COUNSEL, ASSET FORFEITURE SECTION, WHEN RECEIVED BY THE DEA AT EITHER OF THE ADDRESSES NOTED ABOVE.** (*Id.*).

Alvarez alleges that a legal document preparation company, Los Angeles Legales, Inc., "had the [claim] delivered" on May 24, 2013 by a process server, and references a declaration to this effect by the process server. (Pet. ¶ 10.) However, the declaration nowhere appears in Alvarez's filings, and Respondents claim they never received service at the specified addresses.[3]

---

[1] Respondents are the United States Department of Justice ("DOJ"); the Drug Enforcement Administration ("DEA"); Michele Leonhart, a former DEA administrator; David A. Zakoski, a DEA attorney; and Vicki L. Rashid, a DEA attorney (collectively, "Respondents").

[2] Alvarez does not allege that he had a limited understanding of English, or that his language limitation rendered him unable to understand the Notice.

[3] Alvarez does not address the missing declaration in his papers or contest the fact that Respondents did not timely receive service of the claim at the specified addresses. (Dkt. 18).

In addition, the document preparation company sent a copy of the claim to Respondents by U.S. mail on May 29. (Pet. ¶ 10; Decl. Rashid, Ex. 10, at 71, 72.) The DEA received a copy of the mailed claim on May 31. (Decl. Rashid, at ¶ 4(g).) On June 10, the DEA rejected Alvarez's claim as untimely because "it was received in this office after the last date to file, which was May 29, 2013." (Pet. ¶ 12; Decl. Rashid ¶ 4(h).)

In an exercise of agency discretion, however, the DEA agreed to review the claim as an administrative petition for remission or mitigation.[4] (Pet. ¶ 12; Decl. Rashid ¶ 4(i).) On August 18, 2013, the DEA denied the petition for remission. (Pet. ¶ 13.) Two months later, the DEA forfeited the $74,000 to the United States government. (Pet. ¶ 14.)

On the basis of these facts, Alvarez lodged the present petition for writ of mandamus, challenging the DEA's determination that his claim was untimely. Respondents filed an opposition, requesting the case be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**II. LEGAL STANDARD**

**A. Motion to Dismiss Under Rule 12(b)(1)**

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject-matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. *See McCarthy v. United States*, 850 F .2d 558, 560 (9th Cir. 1988). The burden of

---

[4] A petition for remission seeks the discretionary return of the property from the agency, whereas a claim initiates the judicial process to decide whether the property should be forfeited. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

3

proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. *See Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000).

### B. Motion to Dismiss Under Rule 12(b)(6)

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id*. at 679, 129 S.Ct. 1937. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id*. at 678 (citations and quotations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679.

### III. DISCUSSION

### A. Jurisdiction

District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361. Despite the court's original jurisdiction over mandamus actions, Respondents claim that this court lacks subject-matter jurisdiction because of 21 U.S.C. § 983(e), which establishes a process for the filing of a "motion to set aside forfeiture." Section 983(e)(5) states that "a motion filed under this

4

subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."

As the Ninth Circuit recently held in *Okafor*, Section 983(e) does not limit jurisdiction, but does act as a claim-processing rule. *Okafor v. U.S.*, 846 F.3d 337, 340 (9th Cir. 2017). In *Okafor*, the Ninth Circuit found "no clear jurisdictional limitation" in the statute's text or history, and therefore declined to construe Section 983(e) as jurisdictional in nature. *Okafor*, at 340. Because Section 983(e) does not operate as a jurisdictional bar, the court denies Respondents' Rule 12(b)(1) motion to dismiss for lack of jurisdiction.

A. **Failure to State a Claim**

Having found that it has jurisdiction over this matter, the court proceeds to examine whether Alvarez has stated a claim for relief.

1. **Mandamus Relief**

A writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. District Court*, 542 U.S. 367, 380 (2004) (quotations omitted). To prevail, Alvarez must show (1) that he has no other adequate means to attain the relief sought, (2) a "clear and indisputable" right to the issuance of a writ, and (3) the court must be satisfied that the writ is appropriate under the circumstances. *In re Bundy*, 852 F. 3d 945, 948-949 (9th Cir. 2017).

Alvarez has not alleged that he has exhausted all other "adequate means to attain the relief sought," including the filing of a Section 983(e) motion. Additionally, Alvarez has not set forth a clear and absolute right to mandamus relief. Alvarez contends that his claim was timely because he was entitled to at least 35 days *after* notice was received to file a claim under Section 983. (Pet. ¶ 16.). The statute, however, provides that the deadline for filing a claim "may not be earlier than 35 days after the date the letter is mailed." 18 U.S.C. 983(e). Under the plain language of the statute, the 35-day period is

calculated from the date of mailing, and not the date of receipt, as Alvarez asserts.[5] The Notice was mailed to Alvarez on April 24. (Pet. ¶ 7). The filing deadline of May 29 is 35 days after the date of mailing. Therefore, Alvarez received the 35 days to which he was entitled under Section 983(e). The Notice further provides that a claim is "deemed filed" on the date of receipt. (Decl. Rashid, Ex. 1.) Because Respondents did not receive Alvarez's claim by the filing deadline of May 29, Alvarez's claim was untimely filed.

Nonetheless, pleadings must be construed to comport with substantial justice, F.R.C.P. 8(f), and the court shall "liberally construe" pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although the court finds that Alvarez cannot satisfy the requirements for mandamus relief, the court will construe the petition as a Section 983(e) motion to set aside the declaration of forfeiture, and determine whether Alvarez has stated claim for relief under Section 983(e).

### 2. Relief Under Section 983

Section 983 provides that a motion to set aside the declaration of forfeiture may be filed by "any person entitled to written notice . . . who does not receive such a notice." 18 U.S.C. § 983(e)(1). Such motion may be granted if two conditions are satisfied:

(A) The Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. *Id*.

---

[5] Petitioner also cites California Civil Procedure Code 1013(a) for the proposition that, when service is effected by mail, "any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California." Yet Petitioner does not indicate—nor can the court ascertain—how this state procedural rule would apply to the calculation of the federal claim-filing period set forth in Section 983.

6

Respondents counter that Alvarez is not eligible for relief under this provision, as Section 983 applies to a "person entitled to written notice . . . who does not receive such notice." *Id*. Alvarez admits that he "actually received notice on April 26, 2013." (Pet. ¶ 7).

Liberally construed, however, Alvarez's claim appears to be that the notice was defective because it was not provided in his native language. Assuming *arguendo* that a motion to set aside the forfeiture under Section 983 would be appropriate because Alvarez did not receive the form of "written notice" to which he was entitled, the court analyzes whether Alvarez has adequately stated a claim for relief.

Under Section 983(e)(1)(B), Alvarez must show that he "did not know of or have reason to know of the seizure with sufficient time to file a timely claim." Alvarez had reason to know of the seizure on February 22, 2013 when officers seized the money from him during a traffic stop. (Pet. ¶ 5). Subsequently, Alvarez received written notice on April 26 regarding the administrative forfeiture. (Pet. ¶ 7.) However, Alvarez waited until May 29 to mail the claim, which was the deadline on which the claim had to be received by the DEA. (Pet. ¶ 10; Decl. Rashid, Ex. 10, at 71, 72).

Therefore, more than one month elapsed between the time when Alvarez received the Notice and when the claim was to be filed. More than three months elapsed between the time when the seizure occurred and when the claim was to be filed. Under these circumstances, the court finds that Alvarez "knew, or had reason to know of, the seizure with sufficient time to file a timely claim." *Id*. *See also United States v. Account 004969071257 held in the name of Turnberry/MGM Grand Towers LLC*, No. 2:06-SW-0336-DAD, 2012 WL 1194171, at *2 (E.D. Cal. Apr. 10, 2012) (denying a Section 983(e) motion because the claimant "had actual notice of the seizures and administrative forfeiture action"); *Lefler v. United States*, No. 11CV220-LAB POR, 2011 WL 2132827, at *2 (S.D. Cal. May 26, 2011) (denying a Section 983(e) motion because the claimant had actual notice of the seizure when it occurred in his presence). On the basis of the allegations in the

7

Petition, the court concludes that Alvarez had sufficient time to file a claim after the seizure occurred, and that this defect cannot be cured by amendment to the Petition.

**IV. CONCLUSION**

For the reasons stated above, Respondents' Motion to Dismiss is GRANTED. The Petition is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: October 13, 2017

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE